IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | CRIMINAL ACTION |
| v. | : | No.: 08-605 |
| TROY LAYNE | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                              **September 24, 2009**

On September 30, 2008, Troy Layne was charged with one violation of 18 U.S.C. § 922(g)(1), which prohibits felons from possessing firearms. Layne moved to dismiss the indictment,[1] and at the close of a one-day stipulated bench trial moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29. In both motions, Layne challenged the constitutionality of the felon-in-possession law. Layne contends this law is facially unconstitutional because it regulates conduct that does not have a substantial effect on interstate commerce, and thus exceeds Congress's authority under the Commerce Clause. U.S. Const., art. I., § 8, cl. 3. He also argues Section 922(g)(1) is unconstitutional as applied to him because the Government did not prove Layne's possession of a firearm was in interstate commerce or affected interstate commerce. Because the Third Circuit has upheld the constitutionality of § 922(g)(1) as a proper exercise of Congress's regulatory power under the Commerce Clause, this Court will deny both of Layne's motions.

**FACTS**

On May 2, 2008, Philadelphia police Officers Jacyln Mahan and Laconya McIntosh

---

[1] This Court reserved ruling on Layne's pretrial motion, and considers it along with his Rule 29 motion.

responded to a report of a domestic disturbance at a home on Ludlow Street in Philadelphia, Pennsylvania.[2] The officers saw defendant Troy Layne outside the house arguing with another man, and when Layne saw the officers approaching, he fled down an alley behind the house. Another police officer, Carlos Cotto, responded to Officer Mahan's call for back-up. Officer Cotto met Layne at the end of the alleyway and shined his flashlight at Layne. The light revealed Layne was holding a firearm pointed in Officer Cotto's direction. Officer Cotto seized the firearm and arrested Layne.

At the stipulated trial, the Government presented a report from Officer Adrien Williams of the Philadelphia Police Firearms Identification Unit. Officer Williams reported the firearm confiscated from Layne was an operable Springfield Armory, Model XD, .40 caliber handgun loaded with seven live ammunition rounds. The Government also presented an expert report from Special Agent Thomas Pietrowicz of the Bureau of Alcohol, Tobacco, Firearms and Explosives. Petrovich reported the Springfield Armory XD was manufactured in Croatia for an Illinois company, Springfield Inc. The firearm was owned by several different individuals in Philadelphia before it was seized from Layne. The Government provided no evidence Layne brought the gun from Illinois to Pennsylvania, or engaged in any commercial or other activity which moved the firearm in interstate commerce.

**DISCUSSION**

Section 922(g)(1) requires the Government to prove three elements beyond a reasonable doubt: (1) the defendant has been convicted of a crime punishable by imprisonment for more than one year; (2) the defendant knowingly possessed a firearm; and (3) the defendant possessed the gun

---

[2] The Stipulation of the parties of September 24, 2009 is incorporated by reference as if fully set forth in this opinion.

in or affecting interstate or foreign commerce.  18 U.S.C. § 922(g)(1).

Layne stipulates he was in possession of the Springfield Armory XD handgun when he was arrested and he had been previously convicted of two felony drug distribution charges.  Therefore, the only question before this court is whether § 922(g)(1) is unconstitutional, either facially or as applied to Layne.

The Third Circuit has directly addressed the constitutionality of Congress's enactment of § 922(g)(1).  *United States v. Gateward*, 84 F.3d 670 (3d Cir. 1996).  In *Gateward*, the defendant-felon was found in possession of an Astro .380 semi-automatic handgun.  *Id.* at 670.  At Gateward's trial, an officer from the Philadelphia Police Firearms Identification Unit testified Gateward's firearm had been manufactured in Spain and imported by a Virginia distributor.  *Id.*  Gateward was convicted, and he appealed the judgment, arguing § 922(g)(1) was an unconstitutional exercise of Congress's power under the Commerce Clause.  The Third Circuit held § 922(g) was a valid exercise of the Congressional commerce power because the statute includes a jurisdictional element requiring the defendant felon to have possessed a firearm "in or affecting commerce."  *Id.* at 672.  The court held the interstate commerce nexus was established through proof that possessed firearms had previously traveled in interstate commerce. *Id.* at 671 (citing *Scarborough v. United States*, 431 U.S. 563 (1977).

In upholding the constitutionality of § 922(g)(1), the Third Circuit joined eight other circuit appellate courts in concluding the statute was a valid exercise of the commerce power.[3]  *Id.*  Since

---

[3] *See United States v. Sorrentino*, 72 F.3d 294, 296-97 (2d Cir. 1995) *rev'd on other grounds*, *United States v. Abad*, 514 F.3d 271, 274 (2d Cir. 2008)*; United States v. Wells*, 98 F.3d 808, 811 (4th Cir. 1996); *United States v. Turner*, 77 F.3d 887, 889 (6th Cir. 1996); *United States v. Bradford*, 78 F.3d 1216, 1222-23 (7th Cir. 1996); *United States v. Bates*, 77 F.3d 1101, 1103-04 (8th Cir. 1996); *United States v. Collins*, 61 F.3d 1379, 1383-84 (9th Cir. 1995); *United States v. Bolton*, 68 F.3d 396, 400 (10th Cir. 1995); *United States v. McAllister*, 77 F.3d 387, 389-90 (11th Cir. 1996).

*Gateward* was decided, no circuit has ruled § 922(g)(1) is an unconstitutional exercise of Congressional legislative power.[4]

In 2001, the Third Circuit reaffirmed *Gateward* as the law of this circuit. *United States v. Singletary*, 268 F.3d 196, 204 (3d Cir. 2001), *cert. denied*, 535 U.S. 976 (2002). The *Singletary* court declared § 922(g) falls squarely within Congress's power to regulate activities substantially affecting interstate commerce because the statute "addresses items sent in interstate commerce and the channels of commerce themselves, delineating that the [channels] be kept clear of firearms." 268 F.3d at 204.

The Third Circuit has consistently rejected requests to revisit *Singletary*. *See United States v. Noe*, No. 08-3378, 2009 WL 2475210, at *2 (3d Cir. Aug. 13, 2009) (declining to revisit *Singletary* and holding § 922(g)(1) is an appropriate exercise of Congress's authority under the Commerce Clause); *United States v. Reed*, No. 08-3917, 2009 WL 2475215, at *3 (3d. Cir. Aug. 13, 2009) (noting argument § 922(g) is unconstitutional exercise of Congress's commerce power has been consistently rejected by the Third Circuit); *United States v. Hull*, 456 F.3d 133, 137 (3d. Cir. 2006) (holding constitutional challenge to § 922(g)(1) has been rejected outright and will not be given further consideration).

Because the Third Circuit has repeatedly upheld the constitutionality of 922(g)(1), Layne's facial challenge to the statute is denied.

Layne's as-applied constitutional challenge also fails because the Third Circuit has held the

---

[4] *See United States v. Santiago*, 238 F.3d 213, 217 (2d Cir. 2001); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *United States v. Loney*, 331 F.3d 516, 524 (6th Cir. 2003); *United States v. Lemons*, 302 F.3d 769, 772 (7th Cir. 2002); *United States v. Gary*, 341 F.3d 829, 835 (8th Cir. 2003); *United States v. Younger*, 398 F.3d 1179, 1193 (9th Cir. 2005); *United States v. Urbano*, 563 F.3d 1150, 1153-54 (10th Cir. 2009); *United States v. Matthews*, 466 F.3d 1271, 1273 n. 2 (11th Cir. 2006).

Government only must prove the firearm at issue previously moved in interstate commerce to satisfy § 922(g), and is not required to prove a defendant's personal possession of the firearm was in or affected interstate commerce. *Singletary*, 268 F.3d at 198. *See also United States v. Shambry*, 392 F.3d 631, 634 (3d Cir. 2004) (holding proof a firearm was manufactured in a state other than the state where the defendants possessed the firearm is sufficient to meet the minimal nexus required to establish the firearm affected interstate commerce).

Accordingly, Layne's pre-trial motion to dismiss and Rule 29 motion for judgment of acquittal will be denied.[5]  An appropriate order follows.

---

[5] At trial, Layne also objected to one of the Government's proposed jury instructions. This Court reserved ruling on Layne's objection at trial.  In light of the disposition of Layne's motions, that objection is overruled.